**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| MARK LANASA, M.D., Ph.D., | |
| Plaintiff, | |
| v. | Civil Action No.: 8:22-cv-01399-DLB |
| ASTRAZENECA PHARMACEUTICALS LP, | |
| Defendant. | |

**BRIEF IN SUPPORT OF DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S
MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A
<u>CLAIM PURSUANT TO RULE 12(B)(6)</u>**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ......................................................................................... 1

II.     STATEMENT OF RELEVANT FACTS ....................................................... 2

III.    LEGAL STANDARD................................................................................... 4

IV.     ARGUMENT .............................................................................................. 5

        A.      Plaintiff's MWPCL Claim Fails to State a Claim as a Matter of Law. ................ 5

        B.      Plaintiff's Breach of Contract Claim Also Fails to State a Claim. ....................... 7

        C.      Plaintiff's Unjust Enrichment/Quantum Meruit Claims are Inadequately
                Pled and Fail as a Matter of Law ........................................................................ 9

                1.      Plaintiff's unjust enrichment claim is inadequately pled. .......................... 9

                2.      Plaintiff's unjust enrichment claim also fails as a matter of law. ............ 10

                3.      Plaintiff's quantum meruit claim also fails to state a claim.................... 12

V.      CONCLUSION........................................................................................... 14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allegis Grp., Inc. v. Jordan,*
   No. 12-2535, 2013 WL 1701125 (D. Md. Apr. 17, 2013) .......................................10

*Ankerstjerne v. Schlumberger, Ltd.,*
   155 F. App'x 48 (3d Cir. 2005) ...........................................................................11

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .........................................................................................4, 5

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................................4

*Blanch v. Chubb & Son, Inc.,*
   No. 12-1965, 2012 WL 5471224 (D. Md. Nov. 8, 2012) ......................................11

*Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.,*
   358 Md. 83, 747 A.2d 600 (2000) ........................................................................10

*D'Angella v. Automated Bus. Power, Inc.,*
   No. 11-00487, 2011 WL 4571671 (D. Md. Sept. 29, 2011) .................................5, 6

*Fid. & Guar. Life Ins. Co. v. United Advisory Grp., Inc.,*
   No. 13-0040, 2014 WL 346630 (D. Md. Jan. 29, 2014) ........................................7

*Goines v. Valley Cmty. Servs. Bd.,*
   822 F.3d 159 (4th Cir. 2016) ...............................................................................8

*Gordon v. Serv. of Am.,*
   120 F.3d 261, 1997 WL 414371 (4th Cir. July 23, 1997) ...........................7, 12, 13

*Kramer v. Wabtec Corp.,*
   No. 07-2452, 2008 WL 11509712 (D. Md. Aug. 27, 2008) ....................................5

*Makowski v. Bovis Lend Lease, Inc.,*
   No. 10-1844, 2011 WL 1045635 (D. Md. Mar. 17, 2011) ....................................11

*Martignetti v. International Business Machines Corp.,*
   855 F. App'x 857 (4th Cir. 2021) ............................................................6, 7, 10, 11

*Mazer v. Safeway, Inc.,*
   398 F. Supp. 2d 412 (D. Md. 2005) ......................................................................5

*Medex v. McCabe*,
  372 Md. 28, 811 A.2d 297 (Md. Ct. App. 2002) ........................................................6

*Mohiuddin v. Drs. Billing & Mgmt. Sols., Inc.*,
  196 Md. App. 439, 9 A.3d 859 (2010)..........................................................9, 10, 12

*Polek v. J.P. Morgan Chase Bank, N.A.*,
  424 Md. 333, 36 A.3d 399 (2012) .............................................................................8

*Sec'y of State For Defence v. Trimble Navigation Ltd.*,
  484 F.3d 700 (4th Cir. 2007) ................................................................................2, 3

*Severn Mktg. Assocs., Inc. v. Doolin*,
  No. 09-3295, 2010 WL 3834994 (D. Md. Sept. 29, 2010).....................................10

*Sorensen v. Westec InterActive Sec., Inc.*,
  No. 07-2841, 2008 WL 11367535 (D. Md. Sept. 2, 2008)......................................7

*Taylor v. NationsBank, N.A.*,
  365 Md. 166, 776 A.2d 645 (2001) ..........................................................................7

*Varghese v. Honeywell Int'l, Inc.*,
  424 F.3d 411 (4th Cir. 2005) ....................................................................................5

*Wag More Dogs, LLC v. Cozart*,
  680 F.3d 359 (4th Cir. 2012) ....................................................................................4

*Whiting-Turner Contracting Co. v. Fitzpatrick*,
  366 Md. 295, 783 A.2d 667 (2001) ..........................................................................5

*Willis v. Stanley Black & Decker, Inc.*,
  No. 12-1991, 2012 WL 6019364 (D. Md. Nov. 30, 2012) ...................................7, 8

*Windesheim v. Verizon Network Integration Corp.*,
  212 F. Supp. 2d 456 (D. Md. 2002) ..........................................................................8

*Wynn v. Hewlett-Packard Co.*,
  No. 11-01287, 2012 WL 113390 (D. Md. Jan. 12, 2012).........................................6

**Statutes**

Md. Code Lab. & Empl. § 3505(a) ....................................................................................5

**Rules**

Rule 12(b)(6)...........................................................................................................2, 4, 7, 14

## I.    __INTRODUCTION__

Plaintiff Mark Lanasa ("Plaintiff") baselessly claims in this case that AstraZeneca

Pharmaceuticals LP ("AstraZeneca" or "the Company") unlawfully refused to pay him a

discretionary incentive award after he voluntarily resigned his employment with the Company.

The incentive plan at issue clearly and expressly provided that AstraZeneca retained complete

discretion whether to issue any incentive award and, if it did, to determine the amount of that

award.  The incentive plan also set forth various requirements an employee must meet to be

eligible for an award, including that AstraZeneca must employ the individual on the date that it

issues the payment.  Plaintiff concedes that he did not meet this requirement because he

voluntarily ended his employment before AstraZeneca issued the incentive payment.  Against

that backdrop, each of Plaintiff's three causes of action fail as a matter of law.

Plaintiff first alleges a claim under the Maryland Wage Payment and Collection Law

("MWPCL").  But where a company always retains the discretion whether to pay a bonus or

incentive award like AstraZeneca did here, both the Fourth Circuit Court of Appeals and this

Court consistently have found that such discretionary bonuses do not constitute wages subject to

the MWPCL.  Thus, Plaintiffs' MWPCL claim fails as a matter of law.

Plaintiff's breach of contract claim fares no better.  This Court has expressly held that if a

bonus plan provides the employer with the discretion regarding whether to issue or withhold a

bonus, the plan does not constitute a binding contract.  Given Plaintiff cannot identify a binding

contract, he cannot maintain a breach of contract claim.

Plaintiff's claim for "unjust enrichment/quantum meruit" also fails at the outset.  Plaintiff

has alleged no facts that AstraZeneca was enriched as a result of fraud or misrepresentation.  To

the contrary, Plaintiff's allegations make clear that he was paid handsomely for his services and

while AstraZeneca paid him his salary, it simply did not pay him a discretionary bonus.  This

Court, and courts across the country, have repeatedly found such facts fail to state a claim for unjust enrichment.  The same holds true for Plaintiff's quantum meruit claim.  This Court has repeatedly rejected claims with allegations similar to Plaintiff's.

In short, Plaintiffs' claims fail as a matter of law for the reasons discussed above and below.  The Court should dismiss the Complaint in its entirety with prejudice.

## II.   <u>STATEMENT OF RELEVANT FACTS</u>[1]

In or about May 2017, AstraZeneca hired Plaintiff as a Senior Director, Study Division. Compl. ¶ 4.  AstraZeneca and Plaintiff signed an offer letter attached hereto as Exhibit A ("the May 2017 Offer Letter").[2]  Compl. ¶ 4.[3]  The May 2017 Offer Letter provided in relevant part that Plaintiff would receive a specified base salary and would "be eligible to participate in the AstraZeneca Incentive Plan (AZIP)."  Compl. ¶ 4; Ex. A at 1.  It also stated Plaintiff's annual incentive target percentage and specified that any incentive payment would be payable annually in March.  *Id.*  Importantly, AstraZeneca expressly "reserve[d] the right to change the terms and conditions of employment, including the provisions of compensation and benefit programs, at any time."  *Id.*

---

[1]     AstraZeneca accepts the allegations in the Complaint as true—as it must under Rule 12(b)(6)—only for purposes of this Motion, but reserves the right to deny and/or refute any facts cited herein if the case proceeds beyond this Motion.

[2]     In the Complaint, Plaintiff quotes from or references all of the documents attached hereto as exhibits, and the Court therefore may consider them in connection with this motion to dismiss.  *See Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (In deciding a Rule 12(b)(6) motion, the Court "may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.") (citation omitted).

[3]     Plaintiff refers to the May 2017 Offer Letter as "the May 2017 Employment Agreement." *Id.*

In December 2018, Plaintiff was promoted to Vice President, Global Development Lead, Immuno-Oncology.  Compl. ¶ 8.  In connection with his promotion, Plaintiff signed the offer letter attached hereto as Exhibit B ("the December 2018 Offer Letter").[4]  The December 2018 Offer Letter provided that Plaintiff would receive a specified base salary and, in addition, Plaintiff would "be eligible to participate in the relevant company short-term incentive plan." Compl. ¶ 8; Ex. B.  It also stated Plaintiff's annual incentive target percentage and specified that his "actual incentive award will be payable annually in March beginning in March 2020 *in accordance with the terms and conditions of the Plan*."  *Id.* (emphasis added).  In this letter, AstraZeneca again expressly "reserve[d] the right to change the terms and conditions of employment, including the provisions of compensation and benefit programs, at any time."  *Id.*

The short-term incentive plan referenced in the December 2018 Offer Letter and applicable to Plaintiff from 2018 through 2021 was the AstraZeneca Incentive Plan.  A true and correct copy of the 2021 AstraZeneca Incentive Plan at issue is attached hereto as Exhibit C. The Incentive Plan stated that any incentive "[a]ward is a strictly discretionary and conditional payout" and that "[a] Participant shall have no contractual right to an Award."  *Id.* at 5.  It further explained that "[t]he Participant's manager shall have complete discretion to determine whether a Participant will receive an Award and the amount of any such Award."  *Id.*  Moreover, under the Plan, "[a]n Award shall not be earned until the Participant's manager has determined that an Award is due and payable and all the conditions of the Plan have been met."  *Id.*

The Incentive Plan further specified that "[a]n Employee must be actively employed by the Company . . . through the last day of the Plan Year and must meet the Active Service

---

[4]     Plaintiff refers to the December 2018 Offer Letter as "the December 2018 Employment Agreement."  *Id.*

Requirement in order to be eligible to receive an Award for such Plan Year." *Id.*  The Active

Service Requirement on the very first page of the Incentive Plan made clear that "the employee

must be actively employed at the time the bonus is paid in order to be eligible to receive their

bonus award." *Id.* at 1.  Thus, in order to be eligible to receive any discretionary award under the

Incentive Plan for 2021, Plaintiff had to remain employed by AstraZeneca until the March 2022

payment date for any such award.  *Id.* at 1, 5.  Plaintiff chose to voluntarily resign on February 4,

2022.  Compl. ¶ 12.  Pursuant to the Incentive Plan terms, Plaintiff did not receive an incentive

award payment in March 2022.  *Id.*; Ex. C.  Plaintiff then filed the Complaint in this Action on

April 4, 2022, alleging claims of Violation of the MWPCL, Breach of Contract, and Quantum

Meruit/Unjust Enrichment.  Compl. ¶¶ 16-32.

## III.   **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  To have the requisite

"facial plausibility," a plaintiff must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citation

omitted); *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012).

These facts cannot be mere "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements," and the Court need not credit a plaintiff's "bare

assertions" or "legal conclusions."  *Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (a plaintiff may not rest merely on "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action").  While the Court should accept

*factual* allegations as true, allegations that are "no more than conclusions . . . are not entitled to

the assumption of truth." *Iqbal*, 556 U.S. at 679.  In sum, this pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Id*. at 678.

## IV.   <u>ARGUMENT</u>

### A.   **Plaintiff's MWPCL Claim Fails to State a Claim as a Matter of Law.**

Plaintiff first alleges that that AstraZeneca violated the MWPCL when it did not pay him a discretionary incentive award in March 2022.  The MWPCL requires an employer to pay an employee "all wages due for work that the employee performed before the termination of employment . . . ."  Md. Code Lab. & Empl. § 3505(a).  However, remuneration, including a bonus or incentive award, "can only constitute wages where it is promised for service." *Varghese v. Honeywell Int'l, Inc.*, 424 F.3d 411, 418 (4th Cir. 2005); *see also Whiting-Turner Contracting Co. v. Fitzpatrick*, 366 Md. 295, 783 A.2d 667, 672 (2001) ("Once a bonus, commission or fringe benefit has been promised as a part of the compensation for service, the employee would be entitled to its enforcement as wages.").  Where a company "always retain[s] the discretion to not" pay a bonus or incentive award, courts applying Maryland law consistently have found that such discretionary bonuses are not "promised for service" and **<u>do not</u>** constitute wages. *Varghese*, 424 F.3d at 418, 420 (stock options were not "promised for service" and thus not "wages" where plan documents provided that the employee "may" receive such stock option grants but the employer "always retained the discretion" to not pay them); *D'Angella v. Automated Bus. Power, Inc.*, No. 11-00487, 2011 WL 4571671, at *5 (D. Md. Sept. 29, 2011) (granting motion to dismiss MWPCL claim where employer refused to pay bonus because of employee's separation of employment because it was "never promised" to employee); *Kramer v. Wabtec Corp.*, No. 07-2452, 2008 WL 11509712, at *2 (D. Md. Aug. 27, 2008) (granting motion to dismiss MWPCL claim where relocation policy upon which Plaintiff's claim was based made clear that relocation payments were discretionary and not "promised" for services); *Mazer v.*

*Safeway, Inc.*, 398 F. Supp. 2d 412, 426 (D. Md. 2005) (finding bonus did not constitute wages in part because employer retained discretion).

Here, it is clear from the December 2018 Offer Letter as well as the AstraZeneca Incentive Plan that AstraZeneca retained unbridled discretion to determine whether to pay Plaintiff an incentive award at all, and, if it did, what amount the incentive award would be. *See supra* at 3-4. Thus, the payment Plaintiff claims under the AstraZeneca Incentive Plan was not "promised" and does not qualify as wages, and his MWPCL claim fails as a matter of law.

Plaintiff likely will rely on *Medex v. McCabe*, 372 Md. 28, 811 A.2d 297 (Md. Ct. App. 2002), where the court held that commission payments tied directly to an employee's sales efforts[5] were wages under the MWPCL and where the incentive plan itself provided that the employee would "begin to earn" the incentive as certain sales targets were achieved. *Medex* is inapposite because it did not involve a discretionary award, but rather promised commissions tied directly to objective sales goals the employee had reached prior to separation from employment. *Id.* The Fourth Circuit recognized this very distinction just last year in *Martignetti v. International Business Machines Corp.*, 855 F. App'x 857, 861 (4th Cir. 2021) when it affirmed dismissal of a similar MWPCL claim. The incentive plan at issue in *Martignetti* "repeatedly and unreservedly stated that IBM could adjust the amount of any commission at its

---

[5]     Courts also have held that *Medex* only narrowly applies where a promised bonus is ***tied to sales performance*** that the employee achieved prior to separation of employment. *See Wynn v. Hewlett-Packard Co.*, No. 11-01287, 2012 WL 113390, at *2 n.1 (D. Md. Jan. 12, 2012) (granting motion to dismiss MWPCL claim and holding that "the narrow exception that the Court of Appeals enunciated in *Medex*" does not apply where an incentive is not tied to sales targets achieved by the employee); *D'Angella*, 2011 WL 4571671, at *5 (granting motion to dismiss MWPCL claim where employer refused to pay bonus because of employee's separation of employment prior to the vesting date in part because the bonus was not tied to sales performance under *Medex*). *Medex* does not apply here, where the Incentive Plan was not at all tied to any sales targets.

sole discretion" and thus "IBM never promised [plaintiff] that he would be paid a particular

commission rate." The Fourth Circuit held that any unpaid amounts therefore were not "wages"

under the MWPCL. *Id.*; *see also Gordon v. Serv. of Am.*, 120 F.3d 261, 1997 WL 414371, at *2

(4th Cir. July 23, 1997) (affirming judgment for employer on MWCPL claim where terms of

incentive plan required employment through calculation period for incentive to be paid and that

condition was not met); *Sorensen v. Westec InterActive Sec., Inc.*, No. 07-2841, 2008 WL

11367535, at *8 (D. Md. Sept. 2, 2008) (holding that "Defendant reserved complete discretion

whether to award the bonus and did not include language tying it to Plaintiff's performance or

tenure at the company. In similar situations, other courts have found that employees are not

"promised" such discretionary bonuses as contemplated by [the MWPCL]"). AstraZeneca's

discretionary incentive awards similarly are not "wages" under the MWPCL, and dismissal of

Plaintiff's MWPCL claim pursuant to Rule 12(b)(6) is appropriate.

### B.    Plaintiff's Breach of Contract Claim Also Fails to State a Claim.

"To succeed on a breach of contract claim, a plaintiff must prove that the opposing party

owed a contractual obligation and breached that obligation." *Willis v. Stanley Black & Decker,*

*Inc.*, No. 12-1991, 2012 WL 6019364, at *7 (D. Md. Nov. 30, 2012) (citing *Taylor v.*

*NationsBank, N.A.*, 365 Md. 166, 175, 776 A.2d 645 (2001)).[6] Maryland law requires that a

plaintiff alleging a breach of contract "must of necessity allege with certainty and definiteness

---

[6]      While AstraZeneca cites to Maryland law above, the Company notes that the incentive
plan states it "shall be construed in accordance with and governed by the laws of the State of
Delaware, without reference to the principles of conflict of laws." Ex. C. at 9. Despite this
language, Plaintiff appears to contend that Maryland law applies to his claims, including his
breach of contract claim. Ultimately, given the fact-intensive, context specific complexity of the
choice-of-law analysis, this Court need not decide the issue now. *See Fid. & Guar. Life Ins. Co.*
*v. United Advisory Grp., Inc.*, No. 13-0040, 2014 WL 346630, at *4 (D. Md. Jan. 29, 2014).
That is particularly true because regardless of whether Delaware or Maryland law applies,
Plaintiff still fails to state a claim.

facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that

obligation by defendant." *Polek v. J.P. Morgan Chase Bank, N.A.*, 424 Md. 333, 362, 36 A.3d

399, 416 (2012) (affirming dismissal of breach of contract claim where a definite contractual

obligation was not alleged) (citation omitted).  As to allegations about the terms of documents,

"[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, . . .

crediting the document over conflicting allegations in the complaint is proper." *Goines v. Valley*

*Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016)).

In the context of bonus or incentive payments, where the plan provides the employer with

the discretion to "reduce, modify, recover or withhold incentive pay" for any appropriate reason,

the plan does not constitute a definite offer to enter into a binding contract for payment of the

bonus.  *Windesheim v. Verizon Network Integration Corp.*, 212 F. Supp. 2d 456, 463 (D. Md.

2002); *see also Willis*, 2012 WL 6019364, at *7 (granting motion to dismiss where incentive

plan documents clearly established that the employer had "unlimited discretion regarding

whether to award any bonuses" and thus the plan could not be construed as a definite offer to pay

an incentive award as is required to state a breach of contract claim).

Here, neither the December 2018 Offer Letter nor the AstraZeneca Incentive Plan

contains any language sufficient to establish a definite promise to pay any incentive award under

Maryland law.  To the contrary, the December 2018 Offer Letter made clear that any incentive

awards would be made "in accordance with the terms and conditions of the Plan," and those

terms and conditions in turn made clear that the award was "strictly discretionary."  Ex. B; Ex. C

at 5.  Plaintiff's allegations and the documents on which they are based do not contain any

definite offer to pay the incentive award, and Plaintiff's breach of contract claim fails.

Moreover, the terms and conditions also plainly require employment on the bonus payment date

in order for any payment obligation to arise, and this condition also admittedly was not met by Plaintiff. Ex. C. at 1, 5. Plaintiff's breach of contract claim fails as a matter of law and should be dismissed.

### C.   Plaintiff's Unjust Enrichment/Quantum Meruit Claims are Inadequately Pled and Fail as a Matter of Law

Lastly, Plaintiff attempts to plead a claim for "unjust enrichment/quantum meruit," but these purported claims also fail for multiple reasons. Compl. ¶¶ 26-32.

#### 1.   *Plaintiff's unjust enrichment claim is inadequately pled.*

To plead a claim for unjust enrichment, a plaintiff must allege (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Mohiuddin v. Drs. Billing & Mgmt. Sols., Inc.*, 196 Md. App. 439, 449, 9 A.3d 859, 865 (2010). To survive a motion to dismiss, it is not sufficient for a plaintiff to plead in bald and conclusory fashion that it would be "inequitable for [the defendant] to retain th[e alleged] benefits without payment of their value." *Id.* at 866. Rather, a plaintiff must plead facts showing that the defendant "was enriched as a result of circumstances, such as fraud or misrepresentation, that might make it inequitable for the company to retain the value of appellant's services without paying for them." *Id.*

Plaintiff has pled no such facts here. Just like the plaintiff in *Mohiuddin*, Plaintiff baldly alleges that "Defendant's acceptance and retention of the benefits conferred upon it by Plaintiff make it inequitable and unjust for Defendant to retain these benefits without payment of their value." Compl. ¶ 32. Plaintiff has pled no facts showing any fraud or misrepresentation that could prove any inequity. To the contrary, all of the facts pled, and the documents upon which

they are based, show that AstraZeneca acted entirely consistently with its obligations under the December 2018 Offer Letter and the AstraZeneca Incentive Plan.  Moreover, it remains undisputed that AstraZeneca did pay Plaintiff for his services.  He merely did not receive a discretionary bonus in an unknown amount.  Dismissal is warranted in these circumstances. *Mohiuddin*, 196 Md. App. at 450 (dismissing complaint with similar allegations).

### 2.   *Plaintiff's unjust enrichment claim also fails as a matter of law.*

Maryland law also makes clear that unjust enrichment is "not actionable when an express contract exists between the two parties that covers the subject matter of the claim."  *Allegis Grp., Inc. v. Jordan*, No. 12-2535, 2013 WL 1701125, at *6 (D. Md. Apr. 17, 2013); *see also Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 101, 747 A.2d 600, 610 (2000) ("We hold that, generally, quasi-contract claims such as . . . unjust enrichment cannot be asserted when an express contract defining the rights and remedies of the parties exists."). Here, Plaintiff seeks an incentive award based on the theory that the December 2018 Offer Letter "was a binding contract between the parties."  Compl. ¶ 27.  He specifically alleges that this "contract" is the basis for his unjust enrichment claim as well.  *Id.*  Because he purports to base his claim on an express contract, his unjust enrichment claim fails as a matter of law.  *Severn Mktg. Assocs., Inc. v. Doolin*, No. 09-3295, 2010 WL 3834994, at *10 (D. Md. Sept. 29, 2010) (dismissing unjust enrichment claim that was "expressly premised on [employee]'s employment agreement"); *Allegis Grp., Inc.*, 2013 WL 1701125, at *6 (granting motion to dismiss unjust enrichment claim).[7]

---

[7] Defendant anticipates that Plaintiff may cite to *Martignetti* to attempt to argue that his unjust enrichment claim should survive dismissal.  But under Maryland law, there is an exception that permits a plaintiff to alternatively plead breach of contract and unjust enrichment, where the plaintiff also pleads allegations of bad faith or fraud.  *Allegis Grp., Inc.*, 2013 WL 1701125, at

Moreover, this Court has already dismissed an unjust enrichment claim nearly identical to Plaintiff's. In *Makowski v. Bovis Lend Lease, Inc.*, No. 10-1844, 2011 WL 1045635, at *3 (D. Md. Mar. 17, 2011), this Court held that a plaintiff failed to state an unjust enrichment claim regarding his purported entitlement to an "Annual Incentive Compensation Bonus." In *Makowski*, like here, whether the company would pay any discretionary bonus, and, if it did, the amount of that bonus, turned on numerous factors, such as the individual and company's performance. *Id.* When the plaintiff in *Makowski* asserted an unjust enrichment claim after the company did not pay him his annual bonus, this Court dismissed that claim outright. It reasoned the plaintiff, like Lanasa here, had not alleged a colorable claim for that bonus.

This Court also dismissed a similar claim where an employee alleged a company, following the employee's terminations, withheld a "performance bonus" that he earned. *Blanch v. Chubb & Son, Inc.*, No. 12-1965, 2012 WL 5471224, at *1, *6 (D. Md. Nov. 8, 2012). The company continued to withhold the bonus despite the plaintiff's multiple requests. *Id.* The Court reasoned that the plaintiff's allegations, like Lanasa's here, amounted to nothing more than blanket conclusions of law without any facts that would show he was entitled to relief.

This Court's holdings dismissing claims of unjust enrichment based upon a bonus allegedly not being paid mirror holdings from across the country. For example, the Third Circuit Court of Appeals affirmed dismissal of a claim of unjust enrichment where a plaintiff alleged that that he was due an additional bonus. *Ankerstjerne v. Schlumberger, Ltd.*, 155 F. App'x 48, 52 (3d Cir. 2005). The court reasoned that the plaintiff had "not shown that he provided the defendants with anything more than the work he was hired to do." *Id.* The same holds true here.

---

*7. Allegations of fraud existed in *Marignetti*, but they do not exist here. *Martignetti*, 855 F. App'x at 861-62.

-11-

Plaintiff has not alleged that he provided AstraZeneca any benefit other than the work he was hired to do.  Likewise, Plaintiff has not alleged any inequities that would require AstraZeneca to pay him a bonus on top of the generous salary he already earned.  In short, his claim of unjust enrichment fails as a matter of law.

### 3.      Plaintiff's quantum meruit claim also fails to state a claim.

Plaintiff also fails to adequately plead a quantum meruit claim.  Maryland law recognizes two kinds of quantum meruit claims.  A quasi-contractual quantum meruit claim is "identical" to an unjust enrichment claim and should be dismissed for the same reasons discussed *supra*. *Mohiuddin*, 196 Md. App. at 447.  To the extent that Plaintiff purports to plead a separate implied contract quantum meruit claim, it is subject to dismissal for the reasons that follow.

To plead a quantum meruit claim based on implied contract, a Plaintiff must plead facts showing "mutual agreement or consent, . . . and a meeting of the minds is required."  *Mohiuddin*, 196 Md. App. at 447-48 (citation omitted); *see also Gordon*, 1997 WL 414371, at *2 ("Maryland law requires the plaintiff asserting *quantum meruit* to show an express or implied agreement to pay for the services.").  Where a complaint fails to allege that the defendant agreed to make the payment allegedly owed, the quantum meruit claim is subject to dismissal.  *Mohiuddin*, 196 Md. App. at 448.  In *Mohiuddin*, for example, a physician claimed he performed work for a hospital and expected to be paid for those services, and that the hospital accepted the benefit of his services knowing he expected to be paid.  *Id.*  The Court affirmed dismissal of his quantum meruit claim because the complaint lacked any allegation that the hospital agreed to pay him the compensation he alleged he was owed.  *Id.*

By way of further example, in *Gordon*, the plaintiffs made a similar claim under an incentive plan that conditioned payment on continued employment through the calculation period.  *Id.* at *1.  The employer sold its operations and separated all employees from

-12-

employment in connection with the sale before the calculation period ended.  *Id.* at *2.  The employees did not receive incentive payments and filed suit, alleging MWPCL and quantum meruit claims.  *Id.* at *1.  The Fourth Circuit affirmed dismissal of the claims, holding that the incentive plan "clearly indicated the circumstances under which [the employer] would and would not make payment" and thus the employees' quantum meruit claim failed as a matter of law.  *Id.* at *2.  The mere fact that the employees "worked hard at their jobs and expected to be paid" could not support a viable claim.  *Id.*

Here, Plaintiff bases his quantum meruit claim on the allegation that he believed the December 2018 Offer Letter "was a binding contract between the parties" that somehow guaranteed him an incentive award for 2021.  Compl. ¶¶ 27-28.  But just like in *Gordon*, the terms of the December 2018 Offer Letter and the Incentive Plan incorporated in the letter clearly delineate the circumstances in which AstraZeneca PLP would and would not make incentive award payments.  *See supra* at 3-4.  Plaintiff fails to plead any express or implied agreement to pay the incentive award in the manner he claims, and his quantum meruit claim is therefore subject to dismissal.

**V.**     <u>**CONCLUSION**</u>

For these reasons, AstraZeneca respectfully requests that the Court grant its Rule 12(b)(6)

motion to dismiss for failure to state a claim upon which relief can be granted and dismiss the

Complaint with prejudice.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Dated: June 15, 2022               */s/ Matthew J. Sharbaugh*
                                   Matthew J. Sharbaugh (Bar No. 18942)
                                   1111 Pennsylvania Avenue, NW
                                   Washington, DC  20004
                                   Telephone: (202) 739-3000
                                   Facsimile: (202) 739-3001
                                   matthew.sharbaugh@morganlewis.com

                                   Sarah E. Bouchard (*pro hac vice* to be filed)
                                   Brandon J. Brigham (*pro hac vice* to be filed)
                                   Lauren E. Marzullo (*pro hac vice* to be filed)
                                   1701 Market Street
                                   Philadelphia, PA  19103
                                   sarah.bouchard@morganlewis.com
                                   brandon.brigham@morganlewis.com
                                   lauren.marzullo@morganlewis.com

                                   *Counsel for Defendant*