IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

MARK LANASA, M.D., Ph.D.,

         Plaintiff,

v.

ASTRAZENECA PHARMACEUTICALS LP,

         Defendant.

Civil Action No.: 8:22-cv-01399-DLB

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................... 1

II. PLAINTIFF'S MWPCL CLAIM FAILS AS A MATTER OF LAW BECAUSE AZIP INCENTIVE AWARDS ARE NOT "WAGES". ....................................................... 1

III. PLAINTIFF'S BREACH OF CONTRACT CLAIM IS SUBJECT TO DISMISSAL BECAUSE THERE WAS NO DEFINITE PROMISE TO PAY. ................ 4

IV. PLAINTIFF'S UNJUST ENRICHMENT/QUANTUM MERUIT CLAIMS ALSO FAIL AS A MATTER OF LAW .............................................................. 5

V. DEFENDANT'S EXHIBITS MAY BE PROPERLY CONSIDERED AND PLAINTIFF IS NOT ENTITLED TO DISCOVERY ........................................ 6

VI. CONCLUSION ...................................................................................................... 7

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Blanch v. Chubb & Son, Inc.*,
    No. 12-1965, 2012 WL 5471224 (D. Md. Nov. 8, 2012) ........................................................... 5

*Blanch v. Chubb & Sons, Inc.*,
    No. 12-1965, 2017 U.S. Dist. LEXIS 152673 (D. Md. Sept. 20, 2017) .................................... 2

*Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*,
    794 F. Supp. 2d 602 (D. Md. 2011) .......................................................................................... 7

*Fisher v. Md. Dep't of Pub. Safety & Corr. Servs.*,
    No. 10-0206, 2010 WL 2732334 (D. Md. July 8, 2010) ........................................................... 7

*Gordon v. Service of America*,
    120 F.3d 261, (4th Cir. 1997) .................................................................................................... 1

*Makowski v. Bovis Lend Lease, Inc.*,
    No. 10-1844, 2011 WL 1045635 (D. Md. Mar. 17, 2011) .................................................... 2, 6

*Martignetti v. IBM Corporation*,
    855 Fed.Appx. 857 (4th Cir. 2021) ........................................................................................... 3

*Medex v. McCabe*,
    372 Md. 28, 811 A.2d 297 (Md. Ct. App. 2002) ................................................................... 1, 2

*In re Nat'l Energy & Gas Transmission, Inc.*,
    351 B.R. 323 (Md. Bnkr. 2006) ....................................................................................... 2, 3, 4, 5

*Sec'y of State For Defence v. Trimble Navigation Ltd.*,
    484 F.3d 700 (4th Cir. 2007) .................................................................................................... 6

*Sorensen v. Westec InterActive Sec., Inc.*,
    No. 2007-2841, 2008 WL 11367535 (D. Md. Sept. 2, 2008) .................................................... 1

*Univ. of Baltimore v. Iz*,
    716 A.2d 1107 (Md. Ct. Spec. App. 1998) ............................................................................... 5

**Other Authorities**

Rule 12(b)(6) ............................................................................................................................... 3, 6

**I.      INTRODUCTION**

Plaintiff Mark Lanasa ("Plaintiff") continues to baselessly assert that AstraZeneca Pharmaceuticals LP ("AstraZeneca" or "the Company") unlawfully refused to pay him a discretionary incentive award after he voluntarily resigned his employment with the Company. In reality, AstraZeneca simply followed the terms of its entirely discretionary and lawful incentive compensation plan. Plaintiff's own allegations and the documents integral to them make clear that he cannot assert any claim under the MWPCL or for breach of contract or unjust enrichment under well-established law. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Pl's Br.") fails to address most of the authority supporting dismissal of his claims, and instead submits inapposite case law and unfounded arguments. Plaintiff's claims fail as a matter of law for the reasons discussed in Defendant's opening brief and below. The Court should dismiss the Complaint in its entirety with prejudice.

**II.     PLAINTIFF'S MWPCL CLAIM FAILS AS A MATTER OF LAW BECAUSE AZIP INCENTIVE AWARDS ARE NOT "WAGES".**

Plaintiff's MWPCL arguments miss the mark. Plaintiff does not even attempt to address numerous binding cases decided by this Court and the Fourth Circuit Court of Appeals barring his claim. *See* Defendant's Brief in Support of its Motion to Dismiss ("Def's Br.") at 5-7.[1]

---

[1] Plaintiff's attempt to distinguish two of the cases Defendant relies upon falls flat. Contrary to Plaintiff's assertion, there is no indication in the *Gordon v. Service of America* opinion that the plaintiff did not work for the entirety of the incentive period. 120 F.3d 261, (4th Cir. 1997). Rather, the court's decision was based squarely on the fact that the plan had a continued service requirement through a calculation period, and the employees were not employed through that period. *Id.* at *2. Plaintiff's argument regarding *Sorensen v. Westec InterActive Sec., Inc.* also is unpersuasive. No. 2007-2841, 2008 WL 11367535, at *8 (D. Md. Sept. 2, 2008). The bonus in *Sorenson* was completely discretionary, as Plaintiff points out, and so is the AZIP. *See* Pls. Br. at 7-8. It is also not dispositive that one element of the AZIP is individual performance, because, as the *Sorenson* court recognized, so long as "the discretionary bonus was dependent on 'conditions other than the employee's efforts,'" it is outside the definition of a wage under *Medex*. *Id.* The company performance factor places the AZIP squarely outside that definition.

Ignoring this binding case law, Plaintiff directs the court to a handful of inapposite cases. Plaintiff first argues that *Medex v. McCabe*, 372 Md. 28, 811 A.2d 297 (Md. Ct. App. 2002) requires AstraZeneca to pay him a discretionary bonus. It does not, for the reasons discussed in Defendant's opening brief. Def's Br. at 6-7. Indeed, in *Medex* the court expressly recognized that not every bonus constitutes a "wage" under the MWPCL, and "[w]here the payments are dependent upon conditions other than the employee's efforts, they lie outside the definition." *Id.* at 302; *accord In re Nat'l Energy & Gas Transmission, Inc.*, 351 B.R. 323, 331 (Md. Bnkr. 2006) (same).² Here, Plaintiff's initial offer letter itself made clear that any incentive award was not just based on Plaintiff's performance, but also "the overall performance of AstraZeneca." ECF 8-1. *Medex* simply held that non-discretionary commissions tied directly and exclusively to objective sales goals the employee had achieved before separation from employment were "wages" under the MWPCL. It has no relevance to the multi-faceted discretionary incentive plan here. *See Makowski v. Bovis Lend Lease, Inc.*, No. 10-1844, 2011 WL 1045635, at *9 (D. Md. Mar. 17, 2011) (holding bonuses were not "wages" under MWPCL and *Medex* where eligibility was based on individual performance and "conditions other than his own efforts" such as team performance). Indeed, nearly all of the binding cases cited by Defendant were decided after *Medex*, and they distinguished *Medex* because it only addressed non-discretionary, individually earned commissions. Def's Br. at 5-7.

Plaintiff's reliance on *In re Nat'l Energy & Gas Transmission, Inc.,* 351 B.R. 323, 331-32 (Md. Bnkr. 2006) also is grossly misplaced as its holding supports Defendant's position. The Court in fact "***agree[d] with the Objecting Debtors that awards based solely on an employer's***

---

²     Plaintiff's reliance of *Blanch v. Chubb & Sons, Inc.* also is misplaced because the profit sharing and incentive payments at issue in that case were not discretionary. No. 12-1965, 2017 U.S. Dist. LEXIS 152673 (D. Md. Sept. 20, 2017).

2

***absolute discretion do not qualify (in the language of § 3-501) as 'compensation . . . promised in exchange for the employee's work'*** " because "[a] 'promise' to pay an employee if the employer decides she wants to do so is illusory." *Id.* at 332 (emphasis added). But the bankruptcy court could not grant summary judgment on this issue because there was no written plan setting forth the bonus conditions, and there was competing evidence as to whether the bonuses were discretionary. *Id.* at 332-333. Here, the AZIP plan document makes clear that incentive awards are entirely discretionary, and that is precisely why the payments are not "wages" under the MWPCL.

Plaintiff's remaining MWPCL arguments are non-starters because they all are premised on applicability of the MWPCL. Plaintiff attempts to argue that the continued service requirement is void for public policy (Pls' Br. at 6-8), but this argument is based on the MWPCL, and the MWPCL does not apply to the AZIP incentive awards because they are not "wages."[3] *See supra.* Plaintiff next attempts to argue that the continued service requirement in the AZIP is void because Plaintiff claims Defendant did not notify him when the requirement was added. Pls' Br. at 8-9. This argument also is based exclusively on the applicability of the MWPCL.[4] Plaintiff's arguments are unavailing, and dismissal of Plaintiff's MWPCL claim pursuant to Rule 12(b)(6) is therefore appropriate.

---

[3]    Plaintiff accuses Defendant of erroneously asserting that in *Martignetti v. IBM Corporation*, 855 Fed.Appx. 857 (4th Cir. 2021), the employer withheld the plaintiff's wages solely because he left employment prior to the payout date. Pl's Br. at 7. Defendant made no such argument in its opening brief, but rather relied upon *Martignetti's* holding that the commission payments at issue were not "wages" because they were discretionary, *Id.* at 861. Plaintiff fails to address this key holding entirely.

[4]    Plaintiff's argument that AstraZeneca cannot exercise discretion in an unlawful manner has no applicability to this case whatsoever and proves nothing. *See* Pl's Br. at 8 (citing *Shaffer v. ACS Gov't Servs. Inc.,* 454 F. Supp. 2d 330, 336 (D. Md. 2006) (acknowledging that employers retain discretion to terminate the employment of at-will employees for any *legal*

3

### III.  PLAINTIFF'S BREACH OF CONTRACT CLAIM IS SUBJECT TO DISMISSAL BECAUSE THERE WAS NO DEFINITE PROMISE TO PAY.

Plaintiff's arguments regarding his breach of contract claim fare no better.  Plaintiff first attempts to argue that a clear incentive payment obligation existed in his offer letter by misleadingly quoting only half of one of the relevant sentences.  *See* Pl's Br. at 9 (arguing "*will be payable* annually in March.").  The full sentences in the December 2018 Offer Letter did not establish a definite promise to pay any incentive award under Maryland law:

> In addition, you **will be eligible to participate in the relevant company short-term incentive plan** at a target rate of 45% of your actual base earnings for the bonus year.  Your actual incentive award will be payable annually in March beginning in March 2020 **in accordance with the terms and conditions of the plan**.

Ex. B to Defendant's Motion to Dismiss (emphasis added).  This language made clear that any incentive awards were contingent upon the terms and conditions of the AZIP.  The AZIP terms and conditions in turn made clear that the award was "strictly discretionary" and that "the employee must be actively employed at the time the bonus is paid" to be eligible to receive an award.  Ex. C to Defendant's Motion to Dismiss, at 1, 5.  The documents do not contain any definite offer to pay the incentive award, and Plaintiff's breach of contract claim fails.

Plaintiff fails to address a single one of Defendant's on-point cases dismissing similar breach of contract claims, and instead again relies heavily on the bankruptcy court's decision in *In re Nat'l Energy & Gas Transmission, Inc.*, Pls' Br. at 9.  But as to the breach of contract claim in that case, the bankruptcy court again denied summary judgment because in the absence of a

---

reason); Hemphill v. ARAMARK Corp., No. 1:12-cv-01584, 2014 U.S. Dist. LEXIS 39809, at *66 fn. 18 (D. Md. 2014) ("[A]t-will employment cannot be terminated for an illegal reason."); Freeman v. N State Bank, 282 F. App'x 211, 217 (4th Cir. 2008) (stating that "an employer is free to develop its own criteria for employment decisions, so long as those criteria are not race-based.")).  There is no allegation in this case that AstraZeneca did not pay the incentive award because of an unlawful motive.

written plan, there were genuine disputes of material fact about the plan's terms. 351 B.R. at 337-39. The court merely held that a defendant could not "annul the contract on grounds of vagueness simply by disputing its terms." *Id.* at 339.[5]

Plaintiff's remaining arguments again attempt to put the cart before the horse. Plaintiff argues that the MWPCL saves his breach of contract claim, but the MWPCL does not apply to AZIP incentive awards for the reasons discussed *supra*. Plaintiff's breach of contract claim fails as a matter of law and should be dismissed.

### IV. PLAINTIFF'S UNJUST ENRICHMENT/QUANTUM MERUIT CLAIMS ALSO FAIL AS A MATTER OF LAW

Plaintiff's brief also fails to show that his unjust enrichment/quantum meruit[6] claim is adequately pled or legally sufficient.

Plaintiff first argues that his allegations regarding the "unjust" nature of Defendant's conduct are sufficient by vaguely stating that the complaint contains "details of Defendant's misrepresentations" with no citation to any particular portion of the complaint. The complaint contains no such allegations, and it is on all fours with the multiple cases dismissing nearly identical complaints cited in Defendant's opening brief, including *Blanch v. Chubb & Son, Inc.*, No. 12-1965, 2012 WL 5471224, at *1, *6 (D. Md. Nov. 8, 2012). *See* Def's Br. at 10-12.

---

[5]     Plaintiff's citation to *Univ. of Baltimore v. Iz,* 716 A.2d 1107, 1127 (Md. Ct. Spec. App. 1998) is irrelevant for the reasons discussed *supra* at n.4. There is no allegation in this case that Defendant did not pay the incentive award for any reason other than failure to meet the terms of the plan.

[6]     Plaintiff does not separately address Defendant's arguments as to his potential implied contract quantum meruit claim, and that claim must be dismissed. *See* Def's Br. at 12-13.

On the merits,[7] Plaintiff again fails to address Defendant's cited case law establishing that a plaintiff cannot state an unjust enrichment claim as a matter of law where the employee receives his or her promised salary for services rendered, and merely seeks an additional discretionary bonus or incentive award.  *See* Def's Br. at 11-12 (citing *Makowski v. Bovis Lend Lease, Inc.*, No. 10-1844, 2011 WL 1045635, at *3 (D. Md. Mar. 17, 2011); *Ankerstjerne v. Schlumberger, Ltd.*, 155 F. App'x 48, 52 (3d Cir. 2005)).  Plaintiff has not alleged that he provided AstraZeneca any benefit other than the work he was hired to do, nor does he allege any inequity that would require AstraZeneca to pay him a discretionary incentive award on top of the generous salary he already earned.  His claim of unjust enrichment fails as a matter of law.

## V.     DEFENDANT'S EXHIBITS MAY BE PROPERLY CONSIDERED AND PLAINTIFF IS NOT ENTITLED TO DISCOVERY

Finally, Plaintiff's argument that the inclusion of the offer letters and the AZIP as exhibits converts the motion to a motion for summary judgment and entitles him to discovery is baseless.  Plaintiff argues that he did not mention or rely upon the AZIP in his Complaint.  Pl's Br. at 16.  As an initial matter, this is false, as Plaintiff repeatedly references the "short-term incentive plan" in Paragraph 12 of the Complaint.  ECF 4.[8]

Moreover, the law is not so narrow and "[i]n deciding a Rule 12(b)(6) motion, the Court "may consider documents attached to the complaint, ***as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic***."  *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (emphasis added, internal

---

[7]     Plaintiff also argues, contrary to his Complaint, that his unjust enrichment claim is not based on the "contract" but rather is an alternatively pled non-contractual claim.  Pl's Br. at 14.  But that is not what Plaintiff's complaint says, and it does not save his claim.

[8]     Plaintiff also argues that Defendant inserted "several facts" in its Motion, but in reality these facts recite the terms of the AZIP, which may properly be considered as discussed *infra*.  *See* Pls' Br. at 16.

citation omitted). "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011). As examples, "courts have found integral the allegedly fraudulent document in a fraud action, the allegedly libelous magazine article in a libel action, ***and the documents that 'constitute the core of the parties' contractual relationship' in a breach of contract dispute***." *Fisher v. Md. Dep't of Pub. Safety & Corr. Servs.*, No. 10-0206, 2010 WL 2732334, at *2 (D. Md. July 8, 2010) (emphasis added).

Plaintiff does not attempt to argue that the AZIP is not integral to the Complaint, nor could he. The offer letters he quotes from incorporate the AZIP by reference, and it cannot be seriously disputed that the governing incentive plan is integral to and forms the very basis of a claim for non-payment of an incentive award. Plaintiff also does not contest the authenticity of the AZIP or offer letters, and thus considering them does not convert the motion into a motion for summary judgment or open the door to discovery.[9]

## VI.   CONCLUSION

For these reasons and those set forth in AstraZeneca's opening brief, AstraZeneca respectfully requests that the Court grant its motion and dismiss the Complaint with prejudice.

---

[9] Even if consideration of the offer letters and the AZIP somehow opened the door to discovery, the discovery Plaintiff seeks would not be necessary or appropriate. Discovery regarding whether various terms and conditions were met is immaterial, as Plaintiff claims only that the incentive award was not paid because of one condition – the continued service requirement. Discovery regarding notification of the AZIP revisions is not warranted because, as discussed *supra*, Plaintiff's entire notification argument is premised on the MWPCL, which does not apply to the AZIP incentive awards.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MORGAN, LEWIS & BOCKIUS LLP |
| Dated: August 16, 2022 | */s/ Brandon J Brigham* |
|  | Matthew J. Sharbaugh (Bar No. 18942) |
|  | 1111 Pennsylvania Avenue, NW |
|  | Washington, DC  20004 |
|  | Telephone: (202) 739-3000 |
|  | Facsimile: (202) 739-3001 |
|  | matthew.sharbaugh@morganlewis.com |
|  |  |
|  | Sarah E. Bouchard (admitted *pro hac vice*) |
|  | Brandon J. Brigham (admitted *pro hac vice*) |
|  | Lauren E. Marzullo (admitted *pro hac vice*) |
|  | 1701 Market Street |
|  | Philadelphia, PA  19103 |
|  | sarah.bouchard@morganlewis.com |
|  | brandon.brigham@morganlewis.com |
|  | lauren.marzullo@morganlewis.com |
|  |  |
|  | *Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date a copy of the foregoing was filed via the ECF filing system and therefore served on all counsel of record.

Dated: August 16, 2022                          */s/ Brandon J. Brigham*
                                                                  Brandon J. Brigham