UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
MDD_DLBChambers@mdd.uscourts.gov

October 17, 2023

**LETTER ORDER**

RE:   *Lanasa v. AstraZeneca Pharmaceuticals LP*
      DLB-22-1399

Dear Counsel:

On March 15, 2023, this Court dismissed plaintiff Mark Lanasa's complaint for failure to state a claim and ordered the Clerk of the Court to close the case. ECF 20, 21. On May 2, 2023, Lanasa moved for leave to file an amended complaint. ECF 22. Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") filed a brief in opposition, ECF 25, and Lanasa replied, ECF 28. A hearing is not necessary. *See* Loc. R. 105.6. Lanasa's motion for leave to amend is denied because amendment would be futile.

"[A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Katyle v. Penn. Nat'l Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011) (citing *Laber v. Harvey,* 438 F.3d 404, 427 (4th Cir. 2006) (en banc)). However, "the court need not concern itself with either of those rules' legal standards." *Id.* at 471. Instead, the Court "should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'" *Id.* (quoting *Laber,* 438 F.3d at 427). If the proposed amended complaint fails to state a claim, then amendment would be futile. *Id.*

In his original complaint, Lanasa asserted that his former employer, AstraZeneca, breached its duty to pay him a performance bonus the year he left the company. ECF 4. He brought three counts: one under the Maryland Wage Payment and Collection Law ("MWPCL"), one for breach of contract, and one for quasi-contractual quantum meruit. *Id.* The Court dismissed his MWPCL and breach of contract claims with prejudice and dismissed his quantum meruit claim without prejudice. ECF 20, at 16; ECF 21. Lanasa's proposed amended complaint includes the quantum meruit claim, with additional supporting allegations, as well as three new claims: a quantum meruit claim for implied-in-fact contract, a claim for constructive fraud, and another for negligent misrepresentation. ECF 22-2.

Like his original complaint, Lanasa's proposed amended complaint fails to state a claim for quasi-contractual quantum meruit. To recover under that theory, the plaintiff must allege:

> (1) A benefit conferred on the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by

> the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.

*Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007). A quasi-contractual quantum meruit claim "generally cannot arise when a valid contract exists between the parties concerning the same subject matter." ECF 20, at 15 (citing *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 610 (Md. 2000)).

In its prior opinion, the Court held that Lanasa failed to state a claim because "he [did] not allege that he conferred a benefit on AstraZeneca above and beyond the work for which he was compensated." ECF 20, at 16. In his proposed amended complaint, Lanasa principally adds that he went "above and beyond [the work] for which he received a salary" by frequently working more than 50 hours a week, including on nights and weekends, "so he could achieve his full target award." ECF 22-2, at 3–4 ¶¶ 14–15; 7–8 ¶ 32. However, without more, it is implausible that by working more than 40 hours a week, Lanasa—a salaried executive—conferred a benefit on AstraZeneca for which he was not compensated already.

The cases the Court cited in its opinion confirm that conclusion. As Lanasa points out, in *Makowski v. Bovis Lend Lease, Inc.*, the court declined to dismiss an employee's unjust enrichment claim against his employer for the employer's failure to provide him a particular bonus in part because the employee worked "hundreds of hours of overtime and weekend hours." No. RDB-10-1844, 2011 WL 1045635, at *10–11 (D. Md. Mar. 17, 2011). But the court did not find that the employee conferred a benefit on the employer simply because he worked long hours. The court emphasized that the employee achieved a goal the employer expressly linked to the specific bonus the employee sought, *id.* at *11—a bonus not covered by the terms of their written contract, *id.* at *6. In fact, the *Makowski* Court dismissed the employee's unjust enrichment claim as to another bonus more analogous to the one at issue here—an annual performance bonus—because Makowski failed to show that his extra work "conferred any benefit upon Bovis specific to" that payment. *Id.* *Moon v. Veritas Technologies, LLC* rests on similarly distinguishable facts. No. GJH-21-2750, 2022 WL 3348103 (D. Md. Aug. 12, 2022). There, the court found that the employee conferred a benefit on his employer specific to the bonus he sought because he alleged that the bonus was "supplementary compensation directly tied to specific performance objectives" that the employee put in the extra work to achieve. *Id.* at *7, *9. By contrast, here Lanasa does not allege that the bonus he seeks was compensation for achieving any specific objective not required by his role or covered by his salary. For that reason, his claim still comes up short. Amendment would be futile.

Amending the complaint to include the three new proposed claims would be equally futile. Although his prior complaint did not include a distinct count for implied-in-fact contract, Lanasa made a similar claim in briefing, and the Court rejected it in its opinion. ECF 20, at 14. Now, as then, the problem is that the written contract is clear that "Lanasa was not promised a bonus in exchange for his work," *id.* at 10, and AstraZeneca retained complete discretion, *id.* at 14.

Even considering Lanasa's implied-in-fact contract claim anew, the Court reaches the same conclusion. To state a claim for implied-in-fact contract, the plaintiff must allege "a mutual intention on the part of the parties to contract with each other" by facts showing the plaintiff rendered services "under such circumstances as to indicate that the [plaintiff] expected to be paid

2

therefor, and that the recipient expected, or should have expected, to pay for them." *Mogavero v. Silverstein*, 790 A.2d 43, 53 (Md. Ct. Spec. App. 2002) (internal quotation omitted). When the payment at issue is a bonus, the plaintiff must allege an implied agreement specific to that bonus; it is not enough to allege that "the bonuses should be paid because [the plaintiffs] worked hard at their jobs and expected to be paid." *Gordon v. Serv. of Am.*, 120 F.3d 261 (Table), at *2 (4th Cir. 1997).

Here, Lanasa asserts that he and AstraZeneca "understood, and had a meeting of the minds," that he would be paid his bonus every calendar year in which he was employed, regardless of his employment status on the payout date. ECF 22-2, at 9 ¶ 39. But he appears to allege only two specific facts in support of that claim. First, he points to the December 2018 Employment Agreement, which on its face did not condition his eligibility for a bonus on his employment status on the date bonuses were to be paid out. ECF 28, at 10 (citing ECF 22-2, at 8–9 ¶¶ 37–40). But as the Court concluded before, that agreement incorporated the AstraZeneca Incentive Plan ("AZIP") by reference and thereby made the bonus discretionary, so it could not be the basis of any promise to pay a bonus—express or implied—between the parties. ECF 20, at 12. Second, Lanasa points to his allegation that AstraZeneca awarded him a bonus in his prior years of employment. ECF 28, at 10 (citing ECF 22-2, at 2 ¶ 8, 4 ¶ 16). But that allegation does not make it plausible that Lanasa and AstraZeneca formed an implicit agreement—contrary to their express agreement—that AstraZeneca owed Lanasa a bonus every year he met annual metrics that previously resulted in a bonus. An implied-in-fact agreement to receive a bonus does not arise simply because Lanasa worked hard at his job and expected to receive a year-end bonus, as he had in prior years. Amendment to add this claim would be futile.

Lanasa's claim for constructive fraud is equally unavailing. To state a claim for constructive fraud, the plaintiff must first allege that the defendant owed them a legal or equitable duty arising from a confidential relationship. *See Thompson v. UBS Fin. Servs. Inc.*, 115 A.3d 125, 138 (Md. 2015). There is a confidential relationship "only if the plaintiff depends on the defendant" in that "the defendant 'has gained the [plaintiff's] confidence . . . and purports to act or advise with the [plaintiff]'s interest in mind.'" *Id.* at 139 (quoting *Buxton v. Buxton,* 770 A.2d 152, 164 (Md. 2001)) (alterations in original). Lanasa does not allege specific facts indicating AstraZeneca purported to act with his interests in mind. In fact, the AZIP expressly says otherwise. ECF 9, at 7 ("All powers of the Administrator shall be executed in its sole discretion, in the best interest of the Company, not as a fiduciary."). Although Lanasa asserts that "[a]s Plaintiff's employer, Defendant owed Plaintiff the duty of good faith and fair dealing," ECF 22, at 10 ¶ 47, the Court has found that AstraZeneca was under no covenant of good faith and fair dealing with respect to the bonus because the contract expressly empowered the employer to exercise complete discretion. ECF 20, at 14.

To support his position that AstraZeneca owed him a duty, Lanasa cites *Griesi v. Atlantic General Hospital Corporation*, 756 A.2d 548 (Md. 2000). But that case is inapposite. The *Griesi* Court found that the relationship between a prospective employer and employee constituted an "intimate nexus" creating a duty of care sufficient to sustain a negligent misrepresentation action. *Id.* at 556. The question at hand concerns the existence of a confidential relationship for purposes of a constructive fraud action. They are distinct: an intimate nexus does not require that the defendant purported to act in the plaintiff's interests, but rather only contractual privity. *See Al-Sabah v. World Business Lenders, LLC*, No. SAG-18-2958, 2022 WL 991385, at *8 (D. Md. Apr.

3

1, 2022).  *But see Rose v. Harloe Mgmt. Corp.*, No. GLR-16-761, 2017 WL 193295, at *6 (D. Md. Jan. 17, 2017) (analyzing them together without explanation).  The necessary element of a confidential relationship in which AstraZeneca purported to act with Lanasa's interest in mind is missing here.  Lanasa's proposed amended complaint fails to plausibly allege constructive fraud, so granting leave to amend would be futile.

Finally, Lanasa fails to plausibly allege negligent misrepresentation.  In his proposed amended complaint, he alleges AstraZeneca negligently misrepresented that he would receive a bonus pursuant to the terms of the first AZIP if he met the performance criteria.  ECF 22-2, at 12 ¶¶ 55–59.  A negligent misrepresentation claim requires (among other elements) that the plaintiff justifiably relied on a misrepresentation by the defendant.  *See Premium of Am., LLC v. Sanchez*, 73 A.3d 343, 352–53 (Md. Ct. Spec. App. 2013).  AstraZeneca conveyed to Lanasa on multiple occasions that it reserved the right to change the terms of the bonus program at any time.  *See, e.g.*, ECF 8-2, at 4; ECF 9, at 9.  In light of those disclaimers, it is not plausible that Lanasa justifiably relied on the prior AZIP in deciding whether and when to end his employment with AstraZeneca.  *See Doe v. Catholic Relief Servs.*, 529 F. Supp. 3d 440, 452 (D. Md. 2021) (holding "the plaintiff could not have justifiably relied" on a recruiter's statement about employment benefits because "the representation was as to [the employer's] existing polices and not as to whether those policies would continue without any modification").  Amending the complaint to include this claim would be futile.

Because granting leave to amend the complaint would be futile, the Court denies Lanasa's motion for leave to amend, ECF 22.  Although informal, this is an Order of the Court and shall be docketed as such.  The Clerk shall close the case.

Sincerely,

Deborah L. Boardman
United States District Judge